**SEDIMA S.P.R.L., Plaintiff,**

v.

**IMREX COMPANY, INC., Gidon Armon, and Jack Armon, Defendants.**

**No. 82 Civ. 2161.**

United States District Court, E.D. New York.

Nov. 14, 1983.

Supplemental Opinion Nov. 18, 1983.

Orenstein, Snitow, Sutak & Pollack, New York City, for plaintiff.

Shaw, Goldman, Licitra, Levine & Weinberg, P.C., Garden City, N.Y., for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This suit arises out of the allegedly fraudulent activities of defendant corporation, a New York exporter of aviation parts, in its dealings with plaintiff, a Belgian supplier of equipment to aerospace and defense industries. The two companies entered into a joint venture for the purpose of supplying component parts to a European customer. Defendant allegedly sent inflated copies of purchase orders and credit memos to plaintiff, thereby receiving reimbursements from plaintiff in excess of its actual costs. Defendant has now moved to dismiss plaintiff's complaint to the extent that it seeks recovery under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. For the reasons set forth in this opinion, defendant's motion to dismiss is granted.

To recover under RICO, a plaintiff must allege that the defendant, through the commission of two or more acts constituting a pattern of racketeering activity, invested or participated in an enterprise, the activities of which affect interstate or foreign commerce. 18 U.S.C. § 1962.[1] In addition, the plaintiff must allege that he was "injured in his business or property by reason of a violation of Section 1962." 18 U.S.C. § 1964(c). Plaintiffs who successfully allege RICO violations can recover treble damages, including reasonable attorneys' fees. 18 U.S.C. § 1964(c). In the instant suit, plaintiff alleges that the mailing of fraudulent purchase orders and credit memos by defendant constituted predicate

1. 18 U.S.C. § 1962(b) provides in full that:
It shall be unlawful for any person through a pattern of racketeering activity or through collection of unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

acts upon which a RICO claim can be based.[2]

Most of the grounds asserted by the defendants for dismissing the RICO complaint have been rendered inapposite by the Second Circuit's recent opinion in *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5 (2d Cir. 1983). The court stated that: (1) RICO claims need not be grounded in allegations that the defendant is affiliated with "organized crime;" and (2) the racketeering enterprise need not have an economic significance apart from the pattern of racketeering activity. *Id.,* at 20.

The focus of this opinion thus shifts to one of the defenses not addressed in *Moss:* failure to allege properly a RICO-type injury. Several courts have stated that in order for an injury to be "by reason of a violation of Section 1962," something more or different than injury that would result from the predicate acts must be shown by the plaintiff. *See Bankers Trust Co. v. Feldesman,* 566 F.Supp. 1235, 1240–42 (S.D.N.Y.1983); *North Barrington Development, Inc. v. Fanslow,* 547 F.Supp. 207, 210–11 (M.D.Ill.1980); *Landmark Savings & Loan v. Rhoades,* 527 F.Supp. 206 (E.D. Mich.1981). Underlying this argument is the concern that RICO "was simply not intended to provide a plaintiff with a windfall recovery for ordinary injuries that are otherwise compensable." *Bankers Trust, supra,* 566 F.Supp. at 1241. *See also Trane Company v. O'Connor Securities,* 718 F.2d 26 at 28 (2d Cir.1983) ("a growing number of courts have held that private civil RICO actions cannot be used to turn garden-variety Securities Law violations into racketeering violations under RICO").

■ Those courts that have embraced the "RICO-type injury" analysis have required a showing of either a "racketeering enterprise injury" or a "competitive injury." A racketeering enterprise injury occurs, for example, where "a civil RICO defendant's ability to harm the plaintiff is enhanced by the infusion of money from a pattern of racketeering acts into the enterprise." *Landmark Savings, supra,* 527 F.Supp. at 209. A competitive injury occurs where the plaintiff is forced to compete with an enterprise that has gained an unfair market advantage through the infusion of funds from racketeering activity. *North Barrington, supra,* 547 F.Supp. at 211. Both constructions find some support in the RICO statute itself. The statute was modelled in part after the antitrust legislation, *see Harper v. New Japan Securities Int'l, Inc.,* 545 F.Supp. 1002, (C.D. Cal., 1982); 113 Cong.Rec. 18,007 (1967), under which recovery has been similarly limited by the case law to instances of "antitrust injury."

■ For purposes of the question before me I need not determine which of these two constructions is more appropriate, since plaintiff's claim fails under either one. I find no allegation here of any injury apart from that which would result directly from the alleged predicate acts of mail fraud and wire fraud. To permit the RICO claim to stand under such circumstances would represent an unwarranted extension of the statute's coverage that is not supported by the case law.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, those counts in plaintiff's complaint that allege violations of RICO are dismissed.

SO ORDERED.

## SUPPLEMENTAL OPINION

GLASSER, District Judge:

The order of this Court dated November 14, 1983 dismissing plaintiff's RICO claims in the above captioned matter is hereby amended as follows:

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Court determines that there is no just reason to delay the appeal from the dismissal of the RICO

---

**2.** 18 U.S.C. § 1961(1)(d) lists several violations that would constitute "racketeering activity," including any act indictable under 18 U.S.C. § 1341 (relating to mail fraud) and 18 U.S.C. § 1343 (relating to wire fraud).

claims and directs that the dismissal be entered as a final judgment.

Should plaintiffs appeal this order, they are directed to seek an expedited appeal. Trial of the remaining claims in the above-captioned suit shall be stayed pending the determination of the appeal. Counsel for the plaintiff is directed to advise the Court of the filing of an appeal and of the determination thereof.

SO ORDERED.